# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 17-05446-JFW (JEM)** | Date: April 13, 2018 |

Title: Qinrong Qiu -v- Hongying Zhang et al.

**PRESENT:**
### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

    On July 24, 2017, Plaintiff Qinrong Qiu ("Plaintiff") filed a Complaint against Defendants Hongying Zhang, Xinghua Yu, Jie Yu, and Boxwood International LLC (collectively, "Defendants") alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. In his Complaint, Plaintiff alleges that Defendants Zhang, X. Yu, and J. Yu are residents of California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegations are insufficient to establish Zhang's, X. Yu's, and J. Yu's citizenship.

    In addition, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Although Plaintiff alleges that Boxwood International, LLC is a California company, he fails to allege the citizenship of any of its members.

    Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **April 17, 2018** why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to

Show Cause. If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **April 17, 2018,** the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr